UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAKI BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-1265 |
| JOHN BALDWIN, | ) ) ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement and violation of his due process rights. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

At all times relevant, Plaintiff was incarcerated at Pontiac Correctional Center ("Pontiac"). Defendant Baldwin is currently the Acting Director of the Illinois Department of Corrections. He was named Acting Director on August 14, 2015. *See* IDOC Director, available at: https://www.illinois.gov/idoc/aboutus/Pages/director.aspx (last accessed Sept. 27, 2016).[1]

Plaintiff alleges that from his arrival in 2011 until his transfer out of Pontiac in 2016, he was found guilty of 67 disciplinary infractions that resulted in the loss of yard, audio/visual, and

---

[1] For authority for searching the internet for information, see *Rowe v. Gibson*, 798 F.3d 622 (7th Cir. 2015).

commissary privileges, a demotion to "C" grade, and confinement in segregation. Plaintiff does not allege that Defendant Baldwin personally participated in these disciplinary proceedings; he only alleges that Defendant Baldwin is supposed "to have full knowledge of everything going on in IDOC because that's part of his duties."

Plaintiff alleges that during his incarceration at Pontiac, he was housed in a cell with a steel door that lacked an electrical outlet, had the toilet in the concrete floor (presumably a hole in the floor without a traditional toilet), and a light that was on for 24 hours a day. Plaintiff alleges that correctional officers would not take him to the law library and would not push his food tray to the proper spot in the chuck hole. Plaintiff alleges that, if he was not in his cell, he was in suicide watch. Since his transfer to Menard Correctional Center ("Menard"), Plaintiff alleges these conditions have worsened.

As a result of these disciplinary conditions, Plaintiff alleged that he has been "degraded to the point [he] suffer[s] a serious mental illness." Plaintiff describes the symptoms of this illness to be throwing feces and urine, clapping when he laughs, banging on the door when he talks, "wooting" for hours on end, and trying to commit suicide.

## ANALYSIS

Defendant Baldwin cannot be held liable on the theory that he oversees the Illinois Department of Corrections ("IDOC") as part of his job duties. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A government official may not be held liable under § 1983 on a

theory of *respondeat superior*, that is, for the unconstitutional acts of his or her subordinates. *Id*. To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye…." *Vance*, 97 F.3d at 993 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Plaintiff does not allege that Defendant Baldwin personally participated in any events that resulted in Plaintiff's confinement in segregation, nor does Plaintiff allege that Defendant Baldwin caused any of the deprivations Plaintiff experienced while so confined. Even if Plaintiff could proceed on a theory of *respondeat superior*, Defendant Baldwin did not assume the duties of his current position until August 2015, well after the events Plaintiff alleges began to transpire. Therefore, on the basis that Plaintiff asserts, Defendant Baldwin is not a proper defendant.

As for the ongoing conditions Plaintiff alleges at Menard, this Court is not the proper venue to assert those claims. Menard is located entirely within the Southern District of Illinois and any constitutional violations committed at that facility would be against officials that presumably reside within that district. Plaintiff's claims arising out of Menard will be dismissed without prejudice and should Plaintiff seek to pursue those claims, he should do so in the Southern District of Illinois. *See* 28 U.S.C. § 1391(b) (governing venue for civil rights actions).

Nonetheless, Plaintiff's failure to name a proper defendant, and inclusion of claims arising outside this district, does not necessarily foreclose the possibility that his constitutional rights have been violated. The Court will grant Plaintiff leave to file an amended complaint as it relates to events that occurred at Pontiac only. If Plaintiff chooses to file an amended complaint, he should identify those prison officials responsible for the disciplinary actions and those prison officials responsible for deprivations he alleges. Plaintiff should also describe the steps he took

to receive treatment for his mental health conditions, to whom he made these requests, and the mental health treatment he received, if any.

**IT IS THEREFORE ORDERED:**

**1)	Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.**

**2)	Plaintiff filed Motion to Request Counsel [4].  The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993).  Plaintiff has shown that he made a reasonable attempt to secure counsel on his own.  Plaintiff, however, has personal knowledge of the facts, has adequately conveyed them to the Court, has prior litigation experience in federal court, and his case is not overly complex at this point.  Plaintiff's motion [4] is DENIED with leave to renew.**

**3)	Plaintiff's Motion for Status Quo [8] is GRANTED.  This Order addresses all motions currently pending before the Court.**

Entered this 5th day of October, 2016.

>	*s/Michael M. Mihm*
> MICHAEL M. MIHM
> UNITED STATES DISTRICT JUDGE